La Sociedad Legal de Gananciales integrada por Iván Núñez Borges y Margarita Huergo Menéndez, demandantes y recurridos, *v.* Edwin Pauneto Rivera, Laura Cosme, la Sociedad Legal de Gananciales integrada por ambos y Alberto Núñez Borges, etc., demandados y recurrentes.

*Número:* RE-88-181          *Resuelto:* 17 de junio de 1992

*Marcos Rodríguez Frese y Juan F. Matos Bonet*, abogados de los recurrentes; *Gilberto Ortiz Rodríguez*, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Los hechos relevantes a la correcta solución del presente recurso —conforme éstos surgen, de manera principal, de la decisión que este Tribunal emitiera en *Pauneto v. Núñez*, 115 D.P.R. 591 (1984)— son los siguientes:

Mediante contrato de fecha 30 de julio de 1974, Edwin Pauneto Rivera y su esposa le arrendaron un *local comercial* de su propiedad —localizado en Levittown, Toa Baja, Puerto Rico— a Iván Núñez Borges, casado éste con la Sra. Margarita Huergo. Vigente el contrato de arrendamiento, Núñez Borges alteró perjudicialmente la estructura del inmueble y, a la fecha del vencimiento del contrato, desalojó el local sin satisfacer varios cánones de arrendamiento.

Pauneto Rivera y su esposa demandaron a Núñez Borges ante la Sala de Toa Alta del Tribunal de Distrito de Puerto Rico reclamando los cánones adeudados, los dejados de percibir e indemnización por los daños sufridos como consecuencia de las alteraciones perjudiciales sufridas por la estructura. En dicha demanda no se incluyó, como parte demandada, a la esposa de Núñez Borges ni a la sociedad legal de gananciales compuesta por ellos.

El referido foro judicial dictó sentencia condenando a Núñez Borges a pagarle a Pauneto Rivera y su cónyuge las sumas de quince mil dólares ($15,000) en concepto de indemnización por daños materiales, cuatrocientos dólares ($400) por rentas atrasadas, y la suma de cuatro mil trescientos ocho dólares ($4,308) por rentas dejadas de percibir, más las costas y quinientos dólares ($500) de honorarios de abogado. Dicha sentencia advino final y firme.

Al cabo de dos (2) años, Pauneto Rivera y su esposa solicitaron del Tribunal de Distrito que, *al amparo de las disposiciones de la Regla 51.7 de Procedimiento Civil*, 32

L.P.R.A. Ap. III, citara a la Sra. Margarita Huergo, esposa de Núñez Borges, y a la sociedad legal de gananciales compuesta por ambos, para que comparecieran a mostrar causa por la cual no deberían ser obligados a satisfacer la sentencia dictada de igual modo que si hubieren sido demandados desde un principio. Dicho tribunal se negó a ello. Acudió Pauneto Rivera en revisión de dicha determinación ante el Tribunal Superior de Puerto Rico, Sala de Bayamón. Este foro judicial revocó. Concluyó que dicha disposición reglamentaria era de aplicación al caso de epígrafe.

Inconforme, Núñez Borges acudió ante este Tribunal. Decidimos revisar mediante el mecanismo procesal de la orden de mostrar causa. Pendiente de resolución el recurso de revisión radicado por Núñez Borges, *Pauneto Rivera anotó un embargo en el Registro de la Propiedad sobre una propiedad inmueble perteneciente a Núñez Borges y su esposa, esto es, a la sociedad legal de gananciales compuesta por ambos.*

■ Al revocar, *en aquel entonces*, la determinación del Tribunal Superior, establecimos, mediante Opinión a esos efectos, que son dos (2) los requisitos que deben concurrir para que pueda recurrirse al trámite provisto por la citada Regla 51.7 de Procedimiento Civil, a saber: "(1) responsabilidad solidaria previa dimanante 'de una obligación' contractual; y (2) que contra quienes se invoca pudieron haber sido demandados y emplazados al iniciarse la acción." *Pauneto v. Núñez*, ante, pág. 596. Concluimos, en cuanto a la situación específica entonces ante nuestra consideración, que Pauneto Rivera no podía invocar el mecanismo provisto por la citada disposición reglamentaria por cuanto en su caso no existía "apriorísticamente el lazo de solidaridad contemplado en" la referida Regla 51.7. *Pauneto v. Núñez*, ante, pág. 597.

Así las cosas, Núñez Borges y su esposa Margarita

Huergo radicaron ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, dos (2) demandas contra Pauneto Rivera y su cónyuge. En la primera solicitaron la cancelación, por ser ilegal el mismo, del embargo anotado, y en la segunda, reclamaron la indemnización de alegados daños sufridos con motivo de dicho embargo ilegal. Las causas fueron consolidadas. *Los codemandados Pauneto Rivera y su esposa reconvencionaron contra el matrimonio Núñez-Huergo en "cobro subsidiario" de la sentencia emitida en el primer litigio entre las partes.* Núñez Borges y su esposa Margarita Huergo solicitaron la desestimación de la referida reconvención. El tribunal de instancia denegó la misma. *Radicado un "certiorari", por Núñez Borges y su esposa, ante este Tribunal, denegamos el mismo.*

El matrimonio Núñez-Huergo radicó entonces una *segunda* moción de desestimación ante el foro de instancia. Esta vez el tribunal la acogió. Resolvió que "la contrademanda [de Pauneto] s[ó]lo procede contra el Sr. Iván N[ú]ñez Borges y no contra la Sociedad Legal de Gananciales compuesta por éste y su esposa Margarita Huergo ... ya que la sentencia dictada por el Tribunal de Distrito de Toa Alta ... fue contra el Sr. Iván N[ú]ñez Borges únicamente. [Pauneto] ... ten[ía] que haber realizado excusión de bienes sobre el Sr. N[ú]ñez Borges en el pleito anterior, lo cual no se hizo, para que procediese la inclusión de la Sociedad Legal de Gananciales compuesta por N[ú]ñez Borges y su esposa contrademandados en el pleito de epígrafe". Petición, *Exhibit* 1.

Inconforme, Pauneto Rivera acudió ante este Tribunal. En el recurso que a esos efectos radicara, señala la supuesta comisión de tres (3) errores, a saber:

...1: Rechazar *sub-silentio* la alegación de "ley del caso" sobre la cuestión del derecho de excusión en este pleito.

...2: Decidir que la excusión de los bienes del codemandante Iván Núñez Borges tenía que haberse hecho en el anterior pleito, en que se le condenó a indemnizar a los Recurrentes.

...3: No decidir sobre nuestra solicitud alterna para acumular a las recurridas como terceros demandados. Petición, págs. 3–4.

Expedimos el auto de revisión radicado. Estando en condiciones de resolver el mismo, procedemos a así hacerlo.

## I

Consideramos, en primer lugar, si *la negativa del foro de instancia* relativa a la primera moción de desestimación radicada por Núñez Borges y su esposa Margarita Huergo, en unión *a nuestra denegatoria del auto de "certiorari"* que éstos radicaron, impedían que el tribunal de instancia acogiera, posteriormente, la segunda moción de desestimación radicada por el matrimonio Núñez-Huergo. En otras palabras, si la denegatoria inicial advino la "ley del caso" en cuanto a la cuestión planteaba, excluyendo cualquier posibilidad posterior de re-examen por el tribunal de instancia.

En el Derecho Común, "[a]usente un estatuto la frase 'ley del caso', según se aplica al efecto que puedan tener las órdenes previas de un juez en las decisiones que luego toma dentro de un mismo pleito, expresa meramente la práctica general observada por los tribunales de negarse a reabrir lo que ya antes se ha decidido ...". (Traducción nuestra.) *Messenger v. Anderson*, 225 U.S. 436, 444 (1912). Más que un mandato invariable o inflexible, la doctrina recoge una costumbre deseable: las controversias sometidas, litigadas y decididas por un tribunal dentro de una causa deben usualmente respetarse como finales. De este modo, las partes en un litigio pueden, en lo posible, conducir su proceder en el pleito sobre unas directrices judiciales confiables y certeras. *Dictograph Products Company v. Sonotone Corporation*, 230 F.2d 131 (2do Cir. 1956).

"En Puerto Rico[, como se sabe, ] no existe fundamento válido para la aplicación al modo angloamericano de

la ley del caso …. Rige aquí esta materia, por supuesto, el Código Civil." *Torres Cruz v. Municipio de San Juan*, 103 D.P.R. 217, 222 (1975). Sin embargo, en cuanto a este aspecto la práctica sancionada por este Tribunal no varía de las normas que adopta cualquier sistema jurídico avanzado. "[A] fines de velar por el trámite ordenado y pronto de los litigios, así como por la estabilidad y certeza del derecho, un tribunal de instancia [como una cuestión de sana práctica y no como regla inviolable] deb[e] resistirse a alterar sus pronunciamientos dentro de un mismo caso excepto cuando se convenza de que los mismos son erróneos." Íd. Precisamente, porque este principio no es una regla inviolable, ni un límite al poder de los tribunales, en *Torres Cruz v. Municipio de San Juan*, ante, permitimos que un segundo juez revocara la decisión equivocada de un primer juez de igual nivel dentro de un mismo caso.

A la luz de lo anteriormente expuesto —y a pesar de que somos del criterio que los tribunales de instancia deben realizar el esfuerzo máximo posible por evitar la emisión de dictámenes contradictorios e inconsistentes— no existe, en principio, impedimento jurídico absoluto que privara al tribunal de instancia en el presente caso de, por decirlo así, reconsiderar su dictamen interlocutorio original o, si se quiere, de acoger la segunda moción de desestimación que radicaran ante dicho foro los esposos Núñez Borges.

◼ Por otro lado, el hecho de que este Tribunal hubiera denegado —mediante la emisión de un "no ha lugar"— el recurso de *certiorari* que radicó el matrimonio Núñez-Huergo para revisar la denegatoria originalmente emitida por el tribunal de instancia, tampoco afecta la procedencia jurídica de la actuación de dicho tribunal al posteriormente acoger la segunda moción de desestimación. Como es sabido, una resolución denegatoria de un auto de *certiorari* no implica posición alguna del Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso; esto es,

una resolución de este Tribunal declarando "no ha lugar" a un recurso de *certiorari* no resuelve implícitamente cuestión alguna contra el peticionario a los efectos de cosa juzgada. La resolución denegatoria simplemente es índice de la facultad discrecional de este Tribunal para negarse a revisar, en determinado momento, una decisión emitida por un tribunal de instancia. Véase Regla 21 del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. I-A. En adición, véanse: *Sucn. Andrades v. Sosa*, 45 D.P.R. 732 (1933); *Hughes Tool Co. v. Trans World Airlines*, 409 U.S. 363 (1973).

## II

Examinamos, en consecuencia, el señalamiento de si la desestimación decretada por el foro de instancia, al acoger favorablemente la segunda moción que a esos efectos se radicara, fue o no correcta en derecho.

■ Como primer fundamento para la desestimación de la reconvención radicada por Pauneto Rivera y su esposa, el tribunal de instancia adujo que su "contrademanda ... s[ó]lo procede contra el Sr. Iván N[ú]ñez Borges y no contra la Sociedad Legal de Gananciales compuesta por éste y su esposa Margarita Huergo ... ya que la sentencia dictada por el Tribunal de Distrito de Toa Alta ... fue contra el Sr. Iván Núñez Borges únicamente". Petición, *Exhibit* 1. Esta apreciación, sin embargo, no toma en cuenta que Pauneto, en la reconvención que radicara, realmente intenta responsabilizar *subsidiariamente* a la sociedad conyugal Núñez-Huergo por la responsabilidad de uno de sus miembros, Iván Núñez, al amparo de las disposiciones del Art. 1310 del Código Civil, 31 L.P.R.A. sec. 3663, el cual establece que:

*Sección 3663. Deudas contraídas antes del matrimonio; multas*

El pago de las deudas contraídas por el marido o la mujer antes del matrimonio no estará a cargo de la sociedad de gananciales.

*Tampoco lo estará el de las multas y condenas pecuniarias que se les impusieren.*

Sin embargo, el pago de las deudas contraídas por el marido o la mujer con anterioridad al matrimonio, y el de las multas y condenas que se le impongan, *podrá repetirse contra los gananciales después de cubiertas las atenciones que enumera la sec. 3661, si el cónyuge deudor no tuviese capital propio o fuera insuficiente*; pero al tiempo de liquidarse la sociedad se le cargará lo satisfecho por los conceptos expresados. (Énfasis suplido.)

Como es sabido, en *Lugo Montalvo v. González Mañón*, 104 D.P.R. 372, 374 y 378 (1975), al interpretar el *segundo párrafo* del antes transcrito Art. 1310 —esto es, "qué son 'multas' y, especialmente... qué son 'condenas pecuniarias' "— expresamos que:

Parece claro, pues, que la doctrina entiende, creemos que con razón, que cuando la multa o condena es motivada por la comisión de un delito, como regla general —pues hay excepciones, como vimos— la responsabilidad es personal del cónyuge que lo cometió; *pero en casos de responsabilidad civil extracontractual, la responsabilidad será personal o de la sociedad de gananciales según los hechos que la produjeron.* Generalmente se reconoce que si la acción o gestión del marido aprovecha económicamente la masa ganancial, la responsabilidad también será de cargo de dichos bienes. Como expresa Scaevola, "quién está a las ganancias, debe estar a las pérdidas," precepto que considera que desde muy antiguo rige en materia de sociedad. (Énfasis suplido.)

La "obligación o responsabilidad" dimanante del contrato suscrito entre los esposos Pauneto Rivera y Núñez Borges —la cual se dilucidó en el pleito original entre las partes— tenía todas las "características" de ser una "ganancial"; ello en vista de que la misma surgió de la operación de una actividad comercial en que Núñez Borges se involucró, la cual, con toda probabilidad, benefició a la so-

ciedad legal de gananciales compuesta por él y su esposa Margarita Huergo. *WRC Props., Inc. v. Santana*, 116 D.P.R. 127, 135 (1985). Dicho hecho, sin embargo, resulta ser *completamente inmaterial* en vista de que la Sra. Margarita Huergo, esposa de Núñez Borges, no fue parte en el contrato de arrendamiento y de que los esposos Pauneto Rivera *únicamente demandaron* a Núñez Borges y, en consecuencia, *únicamente obtuvieron sentencia contra éste.*

Si bien ello es así, *no* podemos perder de vista que, en su reconvención Pauneto y su esposa *alegan* que el demandante Núñez no tiene en la actualidad bien alguno sobre el que pueda ejecutarse la sentencia que dictó en su contra el Tribunal de Distrito, Sala de Toa Baja, y que la sociedad de gananciales cuenta con bienes suficientes. En vista de ello, suplican del Tribunal Superior, Sala de Bayamón, que "declare debidamente hecha la excusión de los bienes privativos del codemandante señor Núñez", y que "proceda entonces a hacer efectiva la sentencia aludida contra la Sociedad Núñez-Huergo".

■ Ante estas alegaciones, y ante la causa de acción subsidiaria que el citado Art. 1310 del Código Civil establece contra los bienes gananciales del régimen económico-matrimonial de los demandantes, la procedencia *preliminar* de la reconvención de los esposos Pauneto Rivera parece ser incuestionable. "La sociedad [dice Manresa] no es la obligada al pago, pero median intereses legítimos, hay acreedores que no deben perder sus créditos, hay que reparar un mal o un daño, o indemnizar un perjuicio, y la ley, ante la carencia de bienes privativos del cónyuge deudor o responsable, y la existencia de gananciales sobrantes, ordena el pago, la reparación o la indemnización que procedan a costa de la sociedad ...." J.M. Manresa y Navarro, *Comentarios al Código Civil Español*, 5ta ed. rev., Madrid, Ed. Reus, 1950, T. IX, pág. 626.

■ Como fundamento adicional para la desestimación

de la reconvención, el tribunal de instancia razonó que Pauneto Rivera "ten[ía] que haber realizado excusión de bienes sobre el Sr. N[ú]ñez Borges en el pleito anterior, lo cual no se hizo, para que procediese la inclusión de la Sociedad Legal de Gananciales compuesta por N[ú]ñez Borges y su esposa contrademandados en el pleito de epígrafe". Petición, *Exhibit* 1. *De entrada*, procede señalar que este pronunciamiento *identifica correctamente* que en cuanto a lo dispuesto en el citado Art. 1310 del Código Civil, antes de repetir contra los bienes de la sociedad legal de gananciales hay que probar que el cónyuge responsable no tiene bienes con qué responder o estos son insuficientes, y que la sociedad de gananciales cuenta con bienes suficientes para responder por sus obligaciones. *Cruz Viera v. Registrador*, 118 D.P.R. 911 (1987). No hay duda, *por otro lado*, que conforme resolviéramos en el mencionado caso de *Cruz Viera v. Registrador*, la anotación de embargo que en el presente caso se hizo en el Registro de la Propiedad sobre un bien inmueble perteneciente a la sociedad legal de gananciales Núñez-Huergo fue ilegal y nulo. *Cruz Viera v. Registrador*, ante, pág. 916.

Sin embargo, a nuestro juicio, nada en este caso impide que sea el *propio* Tribunal Superior, Sala de Bayamón, quien *dilucide*, en un *mismo* pleito, *no sólo* la reclamación de los daños y perjuicios, si algunos, sufridos por los esposos Núñez-Huergo como consecuencia del embargo antes mencionado, *sino que* adicionalmente verifique la procedencia jurídica, y efectúe, el procedimiento de excusión de bienes, y repetición contra la sociedad conyugal, autorizado por el citado Art. 1310 del Código Civil. La "solución justa, rápida y económica" de las cuestiones en controversia así lo hace aconsejable. Véase Regla 1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III).

*Procede, en consecuencia, la revocación de la resolución recurrida y la devolución del caso al tribunal de instancia*

*para procedimientos ulteriores consistentes con lo aquí resuelto.*([1]) *Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Negrón García y Hernández Denton concurrieron con el resultado sin opinión escrita.

---

([1]) Lo resuelto hace innecesaria la consideración del tercer señalamiento de error.