# 99 DTA 162

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE CAROLINA-FAJARDO**

WILLIAM RIVERA ORTIZ, ETC.
Peticionarios

v.

PUERTO RICO TELEPHONE CO. Y OTROS
Recurridos

Núm. KLCE-99-00385

San Juan, Puerto Rico, a 13 de mayo de 1999

Panel integrado por su Presidente, Juez Miranda De Hostos
y los Jueces Rivera Pérez y Rodríguez García

Miranda De Hostos, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

El peticionario William Rivera Ortiz, acude ante nos para que revisemos una resolución emitida en corte abierta por el Tribunal de Primera Instancia, Sala Superior de Carolina, que denegó resolver de manera final una vez celebrada la vista en sus méritos y sometido el caso, una moción referente a un requerimiento de admisiones

que alegadamente no se había contestado.

Atendido su planteamiento, se deniega expedir el auto solicitado, por los fundamentos que discutiremos a continuación.

## I

Los hechos, sin pasar juicio sobre los mismos, son los siguientes.

El peticionario demandó a la recurrida por los alegados daños causados a su hijo, de un empleado de esta última, al conducir un vehículo de motor de la compañía.

En marzo de 1996, el peticionario le cursó un requerimiento de admisiones a la parte recurrida que fue contestado fuera del término provisto por las reglas. El 24 de marzo, se celebró la vista en los méritos del caso y en la misma el peticionario planteó que se debía dar por admitida la negligencia de la parte recurrida, por haber contestado tardíamente el requerimiento de admisiones. El tribunal declaró sin lugar dicha solicitud y continuó con la vista en los méritos del caso según pautada.

Ambas partes presentaron prueba testifical y documental, dando por sometido el caso, según surge de la minuta de ese día. El tribunal resolvió en corte abierta, conceder a las partes un plazo simultáneo hasta el 1ro. de junio, para que presentaran sus proyectos de sentencia. Les instruyó que discutieran sobre la admisibilidad del requerimiento de admisiones como sanción, las disposiciones sobre oferta de sentencia, la aplicabilidad de negligencia comparada y la procedencia de la moción de desestimación presentada por la recurrida.

Inconforme con tal determinación, el peticionario acude ante nos.

## II

En primer lugar hay que señalar que es norma reconocida en nuestra jurisdicción que no es función de los tribunales actuar como asesores, pues los foros judiciales no deben resolver controversias hipotéticas o especulativas. *ELA v. Aguayo,* 80 D.P.R. 552, 558-560 (1958).

En consecuencia, los tribunales apelativos no deben intervenir en controversias que aún no se han adjudicado de forma final por el tribunal revisado. Una determinación que esté ante la consideración del tribunal de instancia y no ha sido resuelta, no está madura para ser considerada por un tribunal apelativo. *Com. de la Mujer v. Srio. de Justicia,* 109 D.P.R. 715, 720-722 (1980); *Hernández Apellániz v. Marxuach Const, Co.,* opinión de 3 de febrero de 1997, **97 J.T.S. 16,** págs. 605-607.

Por otra parte, la Regla 40 (E) y (F) del Reglamento del Tribunal de Circuito de Apelaciones, establece los criterios para la expedición de un auto de *certiorari*. Se deberá considerar si la etapa del procedimiento en el que se encuentra el caso, es la más apropiada para su consideración y si la expedición del auto podría causar un fraccionamiento indebido del litigio o una dilación indeseable. 4 L.P.R.A. Ap. XXII-A.

Finalmente, nuestro más alto foro ha señalado que la denegatoria de un auto de *certiorari* no constituye una adjudicación en los méritos, por lo que no significa que el tribunal ha adoptado determinada posición en el caso. La resolución denegatoria sólo constituye un índice de la facultad discrecional de un tribunal apelativo. *Filiberty Padrós v. Pizarro Rohena,* opinión de 24 de marzo de 1999, **99 J.T.S. 36,** pág. 770; *Núñez Borges v. Pauneto Rivera,* 130 D.P.R. 749, 755-756 (1992).

Al aplicar las normas de derecho discutidas a la controversia ante nuestra consideración, concluimos que el caso ante nos es prematuro. Veamos.

El tribunal de instancia concedió a todas las partes, una vez sometido el caso en los méritos, un término que aún no ha vencido para que, entre otras cosas, discutan la controversia planteada sobre el requerimiento de admisiones. Sería impropio de nuestra parte considerar un planteamiento que el tribunal de instancia todavía no ha resuelto, por lo que procede denegar la expedición del auto solicitado.

Cabe señalar que nuestro dictamen es sin perjuicio, que luego que el caso se adjudique debidamente por el tribunal de instancia, la parte afectada acuda ante el foro apelativo con el recurso dispuesto en ley.

### III
Por los anteriores fundamentos, se deniega expedir el auto solicitado.

Notifíquese inmediatamente por la vía ordinaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General