# 2001 DTA 183

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO**

JUAN A. MIRO MARTINEZ
Demandante-Peticionario

v.

U.S. ALLIANCE CORPORATION
Demandado-Recurrido

NORMA J. GARCIA SANTIAGO
Interventora-Recurrida

Núm. KLCE-01-00284

San Juan, Puerto Rico, a 29 de mayo de 2001

Panel integrado por su Presidente, el Juez Miranda De Hostos,
la Juez Hernández Torres y el Juez Martínez Torres

Martínez Torres, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

El demandante-peticionario, Juan A. Miró Martínez, nos solicita que emitamos un auto de *certiorari* y que revoquemos una orden del Tribunal de Primera Instancia, Sala Superior de Carolina (Hon. Sonsire Ramos Soler, Juez), en el caso civil núm. FPE 1994-0152. Dicha orden declaró no ha lugar una moción solicitando vista o que se fijara fianza para retirar unos fondos consignados en el tribunal procedentes de la ejecución de

una sentencia dictada el 28 de julio de 1988 en el caso de referencia. Por los fundamentos que expondremos a continuación, denegamos la expedición del auto solicitado.

# I

El Tribunal de Primera Instancia, Sala Superior de Carolina, dictó sentencia el 28 de julio de 1998 en el caso *Juan A. Miró Martínez v. U.S. Alliance Corporation,* civil núm. FPE 94-0152. (Hon. Francisco J. Viera Cruz, Juez). En la referida sentencia se declaró con lugar la demanda instada y se condenó a la empresa demandada, U.S. Alliance Corp., a pagar a Miró Martínez la suma de $38,700.00 por concepto de daños sufridos; $1,331.53 como comisión por los contratos gestionados por Miró Martínez para la U.S. Alliance Corp.; las costas y gastos del litigio, e intereses al 9.50% hasta que se realizara el pago de dichas sumas. Se impuso, además, la suma de $5,000.00 por concepto de honorarios de abogado.

El 5 de agosto de 1999, Miró Martínez presentó ante el Tribunal de Primera Instancia una moción solicitando la ejecución de la sentencia. El 17 de septiembre de 1999, el tribunal declaró con lugar la moción y ordenó la ejecución de la sentencia hasta la suma de $70,208.49. A tales efectos, el tribunal ordenó a su alguacil que expidiera el correspondiente mandamiento de ejecución de sentencia sobre los bienes muebles o inmuebles de U.S. Alliance Corp., o sobre los derechos y fondos de éste en poder de sus deudores. El referido mandamiento se expidió el 20 de septiembre de 1999. Mediante orden dictada el 7 de diciembre de 1999, el Tribunal de Primera Instancia ordenó a la división de cuentas que expidiera y enviara un cheque a favor de Miró Martínez por la cantidad consignada.

El 22 de diciembre de 1999, la señora Norma Joeli García Santiago presentó ante el tribunal una moción urgente en solicitud de orden. En la misma argumentó que el 17 de julio de 1997, había comparecido en este caso mediante solicitud de intervención, pero *"por razones desconocidas, el tribunal omitió expresarse sobre la intervención solicitada"*. Expresó además en dicha moción que su moción de intervención iba dirigida a solicitar del tribunal que toda indemnización concedida a Miró Martínez en el caso de epígrafe fuera consignada en el caso FAC-97-0160 sobre liquidación de bienes gananciales, conforme a la orden emitida por el tribunal (Hon. Eva Araya de Martínez, Juez) en el referido caso. Ap. *Cert.,* Ap. IX, a la pág. 25. La *"interventora"* solicitó del tribunal que ordenara la paralización de cualquier retiro de fondos solicitado por Miró Martínez y que los fondos fueran consignados en el caso civil núm. FAC97-0160, sobre liquidación de sociedad legal de gananciales. Mediante orden de 23 de diciembre de 1999, el tribunal acogió bajo estudio la moción presentada por la señora García Santiago, por lo que ordenó la paralización del desembolso de los fondos.

El 10 de febrero de 2000, el Tribunal de Primera Instancia, Sala Superior de Carolina, declaró no ha lugar la moción de la señora García Santiago. A tales efectos, dejó sin efecto la paralización de la ejecución de la sentencia. Se ordenó a la división de cuentas del tribunal que expidiera y enviara todos los cheques embargados a favor de Miró Martínez por la totalidad consignada.

El 7 de marzo de 2000, Miró Martínez radicó ante el tribunal *"Urgente comparecencia especial por incumplimiento de orden y orden protectora".* Solicitó, en síntesis, que el tribunal ordenara a la División de Cuentas procesar y entregarle el cheque de los fondos embargados.

Dos días después, es decir, el 9 de marzo de 2000, el tribunal ordenó la *"paralización de todos los procedimientos en este caso hasta tanto se dilucide la situación ante el Hon. Juez Lugo Del Toro en el FAC-1997-0160 (408) en la vista señalada para el 12 de abril de 2000".* Ap. *Cert.,* Ap. XIII, a la pág. 33. En el apéndice del recurso ante nuestra consideración, no surge ninguna moción solicitando esa decisión del Tribunal de Primera Instancia.

El 31 de julio de 2000, Miró Martínez presentó moción en la que solicitó al Tribunal de Primera Instancia que ordenara a la interventora García Santiago mostrar causa por la que no se le debía encontrar incursa en desacato, por el incumplimiento a la orden emitida el 7 de diciembre de 1999, reiterada el 10 de febrero de 2000. Entre los fundamentos de su moción, el aquí peticionario-recurrente expuso lo siguiente:

*"Que en la vista celebrada en el caso FAC-97-0160 (408), el Honorable Juez Lugo del Toro determinó que no intervendrá con ninguna orden o determinación emitida por la Honorable Juez Ramos Soler; por lo que es obvio. que no hay razón alguna para que [no] se cumpla con la Orden emitida por esta Sala y ordenando la entrega al demandante de los fondos embargados de $64,303.64."* [Ap. *Cert.*, Ap. XIV, a la pág. 36.]

Del apéndice del recurso de apelación, no se desprende la determinación tomada por el tribunal en cuanto a dicha moción de Miró Martínez.

El 2 de enero de 2001, Miró Martínez radicó otra moción urgente en la que solicitó al tribunal que ordenara al alguacil ejecutar la orden dictada el 7 de diciembre de 1999 y ratificada el 10 de febrero de 2000. Solicitó que se le entregaran inmediatamente los fondos embargados. Entre los fundamentos para su solicitud, expuso en el acápite 5 de su moción:

*"Que este Tribunal pasó juicio sobre la intervención de la parte interventora Norma J. García Santiago, determinando que los fondos embargados a la U.S. Alliance Corp. pertenecen privativamente al demandante Juan A. Miró y no a la Sociedad Gananciales [sic] en el caso FAC-1997-160. [Ap. Cert., Ap. XVII]*

*Mediante orden dictada el 2 de enero de 2001, el tribunal declaró sin lugar dicha moción e hizo referencia a las órdenes dictadas anteriormente."*

El 31 de enero de 2001, Miró Martínez presentó moción de reconsideración de la referida orden. En síntesis, señaló que no podía ser privado de los fondos embargados en aseguramiento de sentencia sin que se celebrare una vista. En la alternativa, sugirió que se le permitiera prestar una fianza de $5,000.00 para que el alguacil le entregara los fondos embargados.

El Tribunal de Primera Instancia declaró sin lugar, el 5 de febrero de 2001, la moción de reconsideración y solicitud de vista. De esa orden es que acude ante nos Miró Martínez mediante solicitud de *certiorari*.

El 14 de marzo de 2001, compareció ante nos Miró Martínez mediante moción en auxilio de jurisdicción. Solicitó que ordenáramos la paralización en ambos casos, el de autos y el de liquidación de la sociedad legal de gananciales (FPE-94-0152 (404) y FAC-97-0160 (408) respectivamente), hasta que resolviéramos la presente petición de *certiorari*.

## II

El peticionario, Miró Martínez, señala dos errores alegadamente cometidos por el Tribunal de Primera Instancia. En primer lugar, nos señala que incidió el tribunal a supuestamente no ejercer su autoridad para hacer cumplir su órdenes emitidas el 7 de diciembre de 1999 y 10 de febrero de 2000, privándolo con ello, alegadamente, del cobro de la sentencia ascendente a $64,303.54. En segundo lugar, alega que incidió el tribunal al negar vista sobre prestación de fianza para retirar los fondos consignados para el pago de la sentencia de 28 de julio de 1998.

Valga señalar, primero, que el auto de *certiorari* es discrecional y los tribunales deben utilizarlo con cautela y sólo por razones de peso. *Pérez v. Tribunal de Distrito*, 69 D.P.R. 4 (1948). A tales efectos, la Regla 40(E) de

nuestro Reglamento, 4 L.P.R.A. Ap. XXII-A, nos ordena considerar, antes de expedir el auto de *certiorari*, *"[s]i la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración"*. *Negrón Placer v. Sec. Justicia*, Opinión de 2 de mayo de 2001, **2001 J.T.S. 66**, pág. 1199.

Del apéndice del recurso, se desprende que el Tribunal de Primera Instancia tuvo ante sí una alegación hecha por la interventora García Santiago en el sentido de que se había emitido una orden para que toda indemnización concedida a favor de Miró Martínez fuera consignada en el caso FAC-97-0160 (403). Ap. *Cert.* Ap. IX, a la pág. 25.

La moción mediante la cual la interventora hizo el anterior señalamiento fue declarada no ha lugar el 10 de febrero de 2000, por lo que se dejó sin efecto la paralización de la ejecución de la sentencia y se ordenó a la división de cuentas del tribunal que expidiera y enviara al peticionario Miró Martínez todos los cheques embargados por la totalidad consignada. Sin embargo, el 9 de marzo de 2000, el tribunal ordenó la paralización de los procedimientos en el caso hasta que se dilucidara la situación ante el juez que preside los procedimientos en el caso de liquidación de bienes gananciales (FAC-97-0160 (403). La interventora alegó que en dicho caso existe una orden para que toda indemnización concedida a favor de Miró Martínez en el caso de epígrafe fuera consignada en el tribunal. Mencionó el tribunal que en el caso de liquidación de bienes gananciales habría una vista el 12 de abril de 2000.

Más adelante, y en abierta referencia a la orden de 9 de marzo de 2000, el tribunal declaró no ha lugar las diferentes mociones presentadas ante sí por el peticionario-recurrente, Miró Martínez. ■ Obviamente, el tribunal se mantuvo en espera de la solución final en aquel caso. Por otro lado, no le consta a este Tribunal la veracidad del planteamiento de que ya el Tribunal de Primera Instancia había determinado que los fondos embargados a la U.S. Alliance Corp. pertenecen privativamente al peticionario Miró Martínez y no a la sociedad legal de gananciales. Aparte de ello, aunque el peticionario no lo menciona en su solicitud de *certiorari*, tomamos conocimiento judicial del recurso de *mandamus* que instara anteriormente el peticionario Miró Martínez ante este Tribunal de Circuito de Apelaciones. De la Resolución de 23 de mayo de 2000 denegando dicho recurso, (caso KLRX-00-00014), se desprende que el 9 de marzo de 2000, en el caso de liquidación de bienes gananciales, el Tribunal de Primera Instancia emitió una orden para que toda suma de dinero consignada en el caso FPE-94-0152 (404) fuera depositada en el caso FAC-97-0160, para determinar si procede su distribución, conforme se dispuso en la sentencia que fuera emitida en ese último caso el 13 de enero de 1999. Nótese que en la misma fecha en que se emitió dicha orden (9 de marzo de 2000), el Tribunal de Primera Instancia ordenó la paralización de todos los procedimientos (incluyendo el desembolso de los fondos) hasta que se celebrara una vista pautada para el 12 de abril de 2000 en el caso FCA-97-0160 (408). Luego, tal y como vimos, se declararon no ha lugar otras mociones radicadas por el aquí peticionario Miró Martínez, en las que éste solicitó la entrega de los fondos consignados en el tribunal. Se le advirtió a Miró Martínez que se refiriera a las órdenes dictadas anteriormente sobre dicho asunto.

Con el propósito cautelar de no intervenir en los procedimientos y determinaciones de un caso que no se encuentra ante nuestra consideración, no expediremos el auto de *certiorari* solicitado. Una resolución denegatoria de un auto de *certiorari,* no implica posición alguna de este Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso. La resolución denegatoria simplemente es índice de la facultad discrecional del Tribunal para negarse a revisar en determinado momento, una decisión emitida por un Tribunal de Primera Instancia. Véase, *Núñez v. Pauneto*, 130 D.P.R. 749 (1992).

### III
Por los fundamentos antes expuestos, denegamos la expidición del auto de *certiorari* solicitado, así como la moción en auxilio de jurisdicción.

Así lo acordó el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

**ESCOLIO 2001 DTA 183**

**1.** *"Urgente moción solicitando orden y mandamiento del alguacil para que ejecute orden emitida el 9 de diciembre de 1999 y entregue los fondos embargados al demandado de $64,303.54 en su poder al demandante Juan A. Miró"*; Ap. Cert., Ap. XVIII, a la pág. 43, y *"Reconsideración urgente, moción solicitando vista y debido proceso de ley, fije fianza para retirar los fondos del demandado"*. Ap. Cert.; Ap. XIX, a la pág. 48.