ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| GRISEL OLMEDA DELGADO; JESÚS ALBERTO MADERA<br><br>Recurridos<br><br>v.<br><br>CAROLYN OCASIO AGOSTO<br><br>Peticionaria | KLCE202301323 | *Certiorari* procedente del Tribunal de Primera Instancia, Salas de Relaciones de Familia y Asuntos de Menores, Sala Superior de Humacao<br><br>Caso Núm.:<br>HSRF201900223<br><br>Sobre:<br>Relaciones Abuelo-Nietos |

Panel integrado por su presidenta, la Jueza Romero García, la Jueza Martínez Cordero y el Juez Pérez Ocasio[1].

*Martínez Cordero, Jueza Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece la señora Carolyn Ocasio Agosto (en adelante, peticionaria) para solicitarnos la revisión de la *Orden* emitida el 6 de octubre de 2023, notificada el 10 de octubre de 2023, emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao.[2] Mediante la *Orden* recurrida, el foro primario ordenó la continuación de los procedimientos en torno a un referido a la Unidad de Relaciones de Familia y Asuntos de Menores (en adelante Unidad Social). Sobre dicha solicitud, la peticionaria presentó una solicitud de reconsideración y determinaciones de hechos y de derecho,[3] la cual fue denegada mediante *Orden* emitida el 25 de octubre de 2023 y notificada el 27 de octubre de 2023.[4]

---

[1] Véase, Orden Administrativa OATA-2023-201 del 28 de noviembre de 2023, en la cual se designó al Hon. Alberto L. Pérez Ocasio, para entender y votar en el caso de epígrafe.
[2] Apéndice de la peticionaria, a la pág. 24.
[3] *Id.,* las págs. 2-9.
[4] *Id.,* a la pág. 1.

Por los fundamentos que expondremos a continuación se *deniega* la expedición del auto de *Certiorari* y consecuentemente, se declara *No Ha Lugar* la solicitud en auxilio de jurisdicción presentada con el recurso.

I

Según se desprende de los autos, entre las partes existe un dictamen del foro primario mediante el cual se establecieron relaciones abuelo nieto, entre el hijo menor de edad de la peticionaria, DMO (en adelante, menor) y sus abuelos paternos, la señora Grisel Olmeda Delgado y el señor Jesús Alberto Madera (en adelante, recurridos y/o abuelos paternos).[5] Según se desprende de los autos, el padre del menor falleció.[6]

Según se desprende de la *Orden*, en términos generales, el foro primario estableció las referidas relaciones abuelo nieto, los domingos alternos.[7] También dispuso que: (i) los recurridos compartirían con el menor el Día de Reyes del año 2021; (ii) las partes continuarían recibiendo ayuda terapéutica individual y familiar para obtener destrezas de comunicación asertiva, manejo de emociones y lidiar con estresores familiares; y (iii) se realizaría una revisión en un periodo de doce (12) meses para la posible ampliación de las relaciones entre los abuelos paternos y su nieto.[8]

Pasado algún tiempo, los abuelos paternos presentaron ante el foro primario una *Moción en Solicitud de Ampliación de Relaciones Abuelo Nieto*. En respuesta, el foro primario emitió una *Orden* el 8 de agosto de 2023, mediante la cual refirió el caso a la Unidad Social de Relaciones de Familia y Asuntos de Menores para un estudio y recomendaciones, así como que ordenó a la peticionaria a expresarse.

---

[5] Apéndice de la peticionaria, a la pág. 23. El dictamen mediante el cual se establecieron las referidas relaciones abuelo nieto no fue incluido en el apéndice.
[6] Apéndice de la peticionaria, a la pág. 11.
[7] *Id.,* a las págs. 15 y 19.
[8] *Id.,* a las págs. 15 y 19.

Así las cosas, el 22 de septiembre de 2023, la peticionaria presentó *Extremadamente Urgente Moción en Solicitud de que se Detenga Informe Social en Curso y Permanezcan las Relaciones abuelo-nieto como Establecidas al Momento.*[9] En síntesis, se opuso a la continuación de los procedimientos ante la Unidad Social, manifestó su oposición a una posible ampliación de las relaciones abuelo nieto y solicitó se mantuviesen las relaciones filiales, según establecidas. En respuesta, los abuelos paternos presentaron una *Réplica a Moción Urgente a Solicitud de que se Detenga Informe Social.*[10] En ella, se opusieron a lo solicitado por la peticionaria. Recibida la posición de los abuelos paternos en torno a lo expresado por la peticionaria, mediante *Orden* emitida el 6 de octubre de 2023 y notificada el 10 de octubre de 2023, el tribunal *a quo* dispuso: "[s]e continuar[á] con referido a la Unidad de Trabajo Social".[11]

Inconforme con lo dispuesto por el foro primario, el 23 de octubre de 2023, la peticionaria presentó una *Moción Solicitando Reconsideración y Determinación de Hechos y Derechos (sic).*[12] Dicha solicitud fue denegada mediante *Orden* emitida el 25 de octubre de 2023 y notificada el 27 de octubre de 2023.[13]

Conviene señalar que, mientras ante la primera instancia judicial se encontraba *sub judice* la controversia descrita en el párrafo que precede, la Unidad Social continuó con los procedimientos en torno al estudio social ordenado.[14] Ejemplo de lo anterior fue descrito por la propia trabajadora social asignada al caso, la señora Marilú Arzuaga Castillo, quien, mediante una *Moción de Estatus de Caso*, informó al foro primario las gestiones realizadas como parte del estudio social ordenado.[15] De dicho escrito pudimos

---

[9] *Id.,* a las págs. 11-14.
[10] *Id.,* a las págs. 19-22.
[11] *Id.,* a la pág. 24.
[12] Apéndice de la peticionaria, a las págs. 2-10.
[13] Apéndice de la peticionaria, a la pág. 1.
[14] *Id.,* a las págs. 36-37.
[15] *Id.,* a las págs. 36-37.

constatar que: (i) entre agosto y septiembre de 2023, las partes y el menor fueron entrevistados, (ii) se habían realizado otras gestiones por la trabajadora social; y que (iii) lo único que quedaba pendiente para rendir el informe social, era entrevistar a la maestra de salón hogar del menor.[16] También se desprende de los autos ante nos que, el 22 de noviembre de 2023, la Unidad Social culminó su intervención y que el informe social forense está disponible para la consideración del Tribunal.[17]

Insatisfecha con la denegatoria del foro primario en paralizar los procedimientos ante la Unidad Social, el 27 de noviembre de 2023, la peticionaria acudió ante nos mediante un recurso de *Certiorari* en el cual esgrimió la comisión de dos (2) errores por el foro primario, a saber:

1. Erró el Tribunal de Primera Instancia Sala de Humacao, al conceder a los recurridos petición de referido a la Unidad Social para ampliar relación Abuelo Nieto, previamente establecidas mediante Orden de octubre de 2020 y enmarcado en el [C]ódigo [C]ivil de 1930, pasando por alto las disposiciones aplicables al Código Civil vigente en su artículo 619 31 L.P.R.A. § 7332, que faculta con jerarquía constitucional el derecho de los padres con patria potestad a determinar cómo y cuándo su hijo se relacionará con sus parientes.

2. Erró el Tribunal de Primera Instancia[,] Sala de Humacao, al conceder a los recurridos petición de referido a la Unidad Social para ampliar relación Abuelo Nieto, contrario a lo establecido en Troxel v. Granvil[l]e, 530 U.S[.] 57[.]

En la misma fecha en que se presentó el recurso de *Certiorari,* la peticionaria presentó una *Moción en Auxilio de Jurisdicción al Amparo de la Regla 79 del Reglamento del Tribunal de Apelaciones.*

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[18] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o

---

[16] *Id.,* a las págs. 36-37.
[17] Apéndice de la peticionaria, a la pág. 44.
[18] 4 LPRA Ap. XXII-B, R.7 (B)(5).

procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En consideración a lo anterior, eximimos a los recurridos de presentar escrito en oposición al *Certiorari* ante nos.

Luego de evaluar el recurso presentado, la solicitud en auxilio de jurisdicción, así como la totalidad del expediente ante nuestra consideración, colegimos que no procede la expedición del auto de *Certiorari* solicitado. Sabido es que la expedición de un recurso de *Certiorari* al amparo de la Regla 52.1 de las Reglas de Procedimiento Civil[19], no opera en el vacío; tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[20] Es nuestra apreciación que no se configuran ninguna de las instancias que justificaría la expedición del auto de *Certiorari*. Razonamos, además, que los dos (2) señalamientos error, así como los fundamentos aducidos en la petición de *Certiorari*, no lograron activar nuestra función discrecional en el caso de autos. Además, consideramos que la peticionaria no nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado constituirá un rotundo fracaso de la justicia. Por todo lo antes mencionado, no atisbamos razón para intervenir con la determinación recurrida.

Lo aquí resuelto, advertimos, no tiene efecto de juzgar o considerar en los méritos ninguna de las controversias de derecho planteadas, de modo que estas podrían ser presentadas nuevamente en una etapa posterior. Es decir, la denegatoria de esta Curia a expedir un recurso de *Certiorari* no implica que el dictamen revisado esté libre de errores o que constituya una adjudicación en los

---

[19] 32 LPRA Ap. V, R. 52.1.
[20] 4 LPRA Ap. XXII-B, R.40.

méritos.[21] Esto es así, ya que, como es sabido, una resolución de denegatoria de un auto de *Certiorari* no implica posición alguna de este Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso.[22] La resolución denegatoria simplemente es indicio de la facultad discrecional del tribunal revisor de negarse a revisar en determinado momento una decisión emitida por el TPI. [23]

Por tanto, resolvemos *denegar* la expedición del auto de *Certiorari*. Consecuentemente, se declara *No Ha Lugar* la solicitud en auxilio de jurisdicción.

Al amparo de la Regla 35 (A)(1) de nuestro Reglamento,[24] el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones

---

[21] *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 12 (2016).
[22] *SLG v. Pauneto Rivera*, 130 DPR 749, 755 (1992).
[23] *Id.*, 756.
[24] Regla 35 (A)(1): "La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." 4 LPRA Ap. XXII-B R. 35.