Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| PUERTO RICAN PIZZA, INC.<br><br>Peticionario<br><br>v.<br><br>LUIS ORRIOLA COLLADO, EVELYN PÉREZ DE LA CRUZ<br><br>Recurridos | KLAN202400633 | ***Apelación* acogida como *CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: IS2023CV00141<br><br>Sobre: Incumplimiento de Contrato; Cobro de Dinero; Daños Contractuales |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de julio de 2024.

Comparece Puerto Rican Pizza, Inc. (en adelante, parte peticionaria) mediante un recurso apelativo para solicitarnos la revisión de la *Resolución* en reconsideración emitida y notificada el 4 de junio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, TPI o foro primario).[1] Mediante la *Resolución* recurrida, el foro primario reestableció una *Orden*,[2] mediante la cual dispuso que no era pertinente divulgar lo relativo al párrafo 22 y 27 de la demanda, bajo el fundamento de que dicha información estaba cobijada por la Regla 408 de Evidencia.[3]

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari*.

---

[1] Apéndice del recurso, a las págs. 2-3.
[2] *Íd.,* a las págs. 26-27.
[3] 32 LPRA Ap. VI, R. 408.

Número Identificador

RES2024_____

I

El caso ante nuestra consideración inició el 7 de julio de 2023, con la presentación de una *Demanda* sobre incumplimiento de contrato, cobro de dinero y daños contractuales,[4] contra Luis Orriola Collado y Evelyn Pérez De La Cruz (en adelante, parte recurrida y/o codemandados). Presentada la *Demanda*, se suscitó una controversia entre las partes en lo relativo a si la parte recurrida debía o no contestar las alegaciones 22 y 27 de la Demanda.[5] Lo anterior, porque a la parte peticionaria no le satisfizo la respuesta ofrecida en la *Contestación a Demanda*.[6]

Se desprende de los autos que el tribunal de instancia celebró una vista y que en la misma se atendieron los argumentos relacionados a esta controversia. Además, en esa ocasión, el foro primario dispuso en corte abierta que se presentara un escrito expresando cuál era la pregunta y su contestación, así como los argumentos por los cuales se debía ordenar que se complementara la contestación.[7]

En cumplimiento con lo anterior, el 25 de abril de 2024, la parte peticionaria presentó una *Moción en cumplimiento de orden*.[8] En su escrito, transcribió la alegación 22 y 27 de la *Demanda*,[9] instada, y las respuestas ofrecidas por la parte recurrida en la *Contestación a Demanda enmendada*.[10] Solicitó que se ordenara a la parte recurrida a responder de forma sustantiva estas dos (2) alegaciones. En respuesta, mediante *Orden* emitida y notificada el 26 de abril de 2024,[11] el tribunal de instancia ordenó el cumplimiento con lo solicitado.[12]

---

[4] Apéndice del recurso, a las págs. 5-10.
[5] Apéndice del recurso, a la pág. 8.
[6] *Íd.,* a la pág. 13.
[7] *Íd.,* a la pág. 17.
[8] *Íd.,* a las págs. 19-20.
[9] *Íd.,* a las págs. 8 y 9.
[10] *Íd.,* a la pág. 13.
[11] *Íd.,* a la pág. 22.
[12] *Íd.*

En reacción, el 15 de mayo de 2024, la parte recurrida presentó una *Moción en cumplimiento de orden,*[13] en la que expresó que las alegaciones 22 y 27 de la *Demanda* fueron negadas por representar evidencia protegida por el privilegio evidenciario al amparo de la Regla 408 de Evidencia[14]. Acotó que la evidencia que la parte peticionaria se proponía a utilizar era parte de una oferta de transacción no finiquitada ofrecida en aras de evitar un pleito, por tanto, no era admisible en evidencia.[15] En respuesta, el foro primario emitió una *Resolución* el 20 de mayo de 2024, notificada el 21 del mismo mes y año,[16] en la cual, en síntesis, dio por cumplida su orden y dispuso que la información de los párrafos 22 y 27 estaba protegida conforme a lo alegado, por lo que no era pertinente su divulgación.[17]

Insatisfecha con lo allí dispuesto, el 22 de mayo de 2024, la parte peticionaria presentó una *Moción en solicitud de reconsideración.*[18] Recibida la solicitud de reconsideración, mediante *Resolución* emitida y notificada el 28 de mayo de 2024,[19] el foro *a quo* declaró *Ha Lugar* por lo que ordenó a la parte recurrida a contestar con especificidad las susodichas alegaciones.[20]

Al recibo de esta notificación, la parte recurrida quedó insatisfecha por lo que, el 30 de mayo de 2024, presentó una *Moción en solicitud de reconsideración.*[21] En respuesta, el foro primario emitió y notificó una *Resolución* el 4 de junio de 2024,[22] en la cual, en atención a la referida solicitud de reconsideración dispuso:

> . . . [E]l Tribunal reexamina sus determinaciones respecto al párrafo 22 y 27 y reestablece su determinación inicial en que expresó [que] la

---

[13] *Íd.,* a la pág. 24.
[14] 32 LPRA Ap. VI, R. 408.
[15] Apéndice del recurso, a la pág. 24.
[16] *Íd.,* a las págs. 26-27.
[17] *Íd.,* a la pág. 27.
[18] *Íd.,* a las págs. 29-35.
[19] Apéndice del recurso, a las págs. 37-38.
[20] *Íd.,* a la pág. 38.
[21] *Íd.,* a las págs. 40-43.
[22] Apéndice del recurso, a las págs. 2-3.

información estaba bajo Regla 408 de Derecho Probatorio por lo que no procede su divulgación[.][23]

En desacuerdo, el 2 de julio de 2024, la parte peticionaria presentó un recurso apelativo en el cual esbozó que el foro primario había errado al determinar que la parte recurrida no tenía que contestar las alegaciones 22 y 27.

Mediante *Resolución* del 9 de julio de 2024, acogimos el recurso instado como un *Certiorari*, por ser lo procedente en derecho. Además, concedimos a la parte recurrida hasta el 15 de julio de 2024, para exponer su posición en torno al recurso de epígrafe.

El 15 de julio de 2024, compareció la parte recurrida mediante un escrito asumiendo representación legal, en el cual solicitó, además, una prórroga para presentar el alegato en oposición. Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[24] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos.

II

**A. Expedición del Recurso de *Certiorari***

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de Procedimiento Civil.[25] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

[…].

---

[23] *Íd.,* a la pág. 3.
[24] 4 LPRA Ap. XXII-B, R.7 (B)(5).
[25] 32 LPRA Ap. V, R. 52.1.

El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a **privilegios evidenciarios,** anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[…]. [26]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

[…].

(b) *Recurso de "certiorari"*. Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.[27]

[…]

El recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[28] A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[29] Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria".[30] Conviene

---

[26] *Íd.* (Énfasis nuestro).
[27] 32 LPRA Ap. V, R. 52.2 (b).
[28] *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).
[29] *Rivera Figueroa v. Joes's European Shop,* 183 DPR 580, 596 (2011).
[30] *Íd.*

desatacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[31] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[32]

**A pesar de que este Tribunal está autorizado para atender asuntos relacionados a privilegios evidenciaros, la Regla 40 del Reglamento del Tribunal de Apelaciones esboza los criterios que el Tribunal deberá considerar para expedir un auto de *Certiorari*.[33]**

El Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) ha establecido que un tribunal revisor no debe sustituir circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[34] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción; o, (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[35]

Por último, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[36]

---

[31] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).
[32] *Íd.*
[33] 4 LPRA Ap. XXII-B, R.40.
[34] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[35] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[36] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008)

## III

Habida cuenta de que el recurso ante nuestra consideración se trata de un *Certiorari*, este tribunal revisor debe determinar, como cuestión de umbral, si procede su expedición. En el presente caso, la parte peticionaria sostiene que el foro primario erró al determinar que la parte recurrida no la obligación de contestar las alegaciones 22 y 27 de la *Demanda* por constituir materia protegida por la Regla 408 de Evidencia.[37]

Como es sabido, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[38] Puntualizamos, que el *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[39] A esos efectos, la naturaleza discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Por ello, aunque la Regla 52.1 de Procedimiento Civil[40] permite que mediante auto de *Certiorari* intervengamos en asuntos relativos a privilegios evidenciaros, esta Regla no opera en el vacío, tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[41]

Tras evaluar minuciosamente el recurso presentado por el peticionario, y luego de una revisión de la totalidad del expediente ante nos, juzgamos que no procede la expedición del auto de

---

[37] 32 LPRA Ap. VI, R. 408.
[38] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[39] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[40] 32 LPRA Ap. V, R. 52.1.
[41] 4 LPRA Ap. XXII-B, R.40.

*Certiorari* solicitado. Es nuestra apreciación que no se configuran ninguna de las instancias que justificaría la expedición del auto de *Certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones.[42] El señalamiento de error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en el caso de autos. Por tanto, entendemos que esta no es la etapa del procedimiento más propicia para nuestra consideración; y, tampoco estamos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. El dictamen recurrido no es patentemente erróneo, y encuentra cómodo resguardo en la sana discreción de la primera instancia judicial. Además, razonamos que el peticionario no nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un rotundo fracaso de la justicia. Por todo lo antes mencionado, no atisbamos razón para intervenir con la determinación recurrida.

Lo aquí resuelto, advertimos, no tiene efecto de juzgar o considerar en los méritos ninguna de las controversias de derecho planteadas por las partes, de modo que estas podrían ser planteadas nuevamente en una etapa posterior. Es decir, la denegatoria de esta Curia a expedir un recurso de *Certiorari* no implica que el dictamen revisado esté libre de errores o que constituya una adjudicación en los méritos.[43] Esto es así, ya que, como es sabido, una resolución de denegatoria de un auto de *Certiorari* no implica posición alguna de este Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso.[44] La resolución denegatoria simplemente es indicio

---

[42] 4 LPRA Ap. XXII-B, R. 40.
[43] *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 12 (2016).
[44] *SLG v. Pauneto Rivera*, 130 DPR 749, 755 (1992).

de la facultad discrecional del tribunal revisor de negarse a revisar en determinado momento una decisión emitida por el TPI. [45]

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[45] *Íd.,* 756.