ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br>V.<br><br>PEDRO AMADO ROMERO ROSA<br><br>PETICIONARIO | KLCE202500239 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Superior de Utuado<br><br>Caso Número:<br>L BD2014G0035<br><br>Sobre:<br>A 195 Escalamiento Agravado |

Panel integrado por su presidenta, la Jueza Martínez Cordero, el Juez Cruz Hiraldo y la Juez Lotti Rodríguez[1].

Lotti Rodríguez, Juez Ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico a 16 de mayo de 2025.

I.

El 10 de marzo de 2025,[2] el Sr. Pedro Amado Romero Rosa confinado en Guayama Anexo 296, acudió ante nos por derecho propio, mediante recurso de *Certiorari*.[3] Recurre de una *Orden* emitida por el Tribunal de Primera Instancia el 4 de febrero de 2025, notificada el 6 de febrero de 2025, mediante la cual se declaró No Ha Lugar una *Moción de rebaja de sentencia por el art. 67, 65 C[ó]digo de PR 246 Reducción por el 25% por las circunstancias*

---

[1] Conforme la OATA2025-069, se asignó a la Hon. Glorianne Lotti Rodríguez en sustitución del Hon. Abelardo Bermúdez Torres.

[2] El recurso cuenta con el matasellos del servicio postal con fecha del 7 de marzo de 2025. No obstante, conforme a nuestro Reglamento y según resuelto en *Álamo Romero* v. *Adm. Corrección*, 175 DPR 314, 323 (2009) entendemos que el recurso fue presentado en la fecha de entrega a la institución carcelaria. ("En los casos de revisión judicial de decisiones administrativas de la Administración de Corrección en procedimientos disciplinarios instados por reclusos por derecho propio, se entenderá que el recurso fue presentado en la fecha de entrega a la institución carcelaria. Esta autoridad será responsable, a su vez, de tramitar el envío del recurso al foro correspondiente".)

[3] El Sr. Romero Rosa no incluyó ningún documento acreditativo de las sentencias que le fueron impuestas. No obstante, un examen de nuestro sistema de consulta de casos refleja que para el año 2014 el Sr. Romero Rosa fue sentenciado producto de una alegación preacordada de culpabilidad. Por otro lado, se desprende de otro caso atendido por este foro, KLCE202100442, que "las sentencias dictadas contra el señor Romero Rosa fueron impuestas a tenor con las penas más benignas; y en marzo de 2016, la sentencia fue modificada conforme al *principio de favorabilidad* atemperándola a las enmiendas de la Ley 246 de 2014".

Número identificador
RES2025_____

*atenuantes*. Mediante su escrito intitulado *Moción de Revi[s]ión* solicita que se le reduzca el término de su sentencia. Plantea los siguientes errores:

> **Primer error**:
> Errol, [sic] el tribunal de no aplicarme el Art. 67 del 25% redujera la sentencia.
>
> **Segundo error**:
> [E]l tribunal err[ó] en no aplicarme el Art. 67 garanti[z]ando el derecho constitucional y no ser orientado por mi Abogado, José Á[l]varez Negr[ó]n por favor ayudarme en reso[l]ver en estas alegaciones que [h]ago.

Por las razones que expondremos a continuación, *denegamos* el recurso.

## II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal revisor pueda corregir un error de derecho cometido por un tribunal inferior. *Pueblo v. Díaz De León*, 176 DPR 913 (2009). Distinto al recurso de apelación, el Foro apelativo tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, el ejercicio de nuestra discreción ha de estar orientado por la razonabilidad y el discernimiento judicial, en aras de una decisión justiciera. *Torres Martínez* v. *Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón* v. *Srio. de Justicia*, 154 DPR 79, 91 (2001).

En función de ejercer nuestra facultad discrecional en la consideración de los asuntos planteados en el presente recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En virtud de los criterios antes mencionados debemos evaluar si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención.

Ahora bien, el Tribunal Supremo de Puerto Rico ha destacado que "la denegatoria a expedir no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. De manera que, la parte afectada por la decisión que finalmente tome el Tribunal de Primera Instancia no queda privada de la oportunidad de hacer ante el foro apelativo los planteamientos que entienda procedentes una vez se resuelva el pleito en el foro primario. *Núñez Borges v. Pauneto Rivera,* 130 DPR 749, 755-756 (1992).

En lo pertinente, la Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.34 (C) establece el contenido del cuerpo de las solicitudes de *certiorari* presentadas ante este foro. Entre los requisitos allí dispuestos se encuentra la obligación de realizar "[u]na relación fiel y concisa de los hechos procesales y materiales del caso". Regla (C)(1)(d) de nuestro Reglamento, *supra.* También se requiere que el peticionario presente un señalamiento conciso de los errores alegados (Regla 34(C)(1)(e)) y su discusión haciendo referencia al derecho aplicable. Regla 34(C)(1)(f) de

nuestro Reglamento, *supra*. A su vez, en cuanto al apéndice del recurso de *certiorari*, el inciso (D) de la precitada Regla dispone que debe incluir:

> (b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.
> . . . .
> (d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta.
> (e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

III.

El recurso incoado por el Sr. Romero Rosa adolece de serios defectos, según establece la Regla 34 de nuestro Reglamento. 4 LPRA Ap. XXII-B, R. 34. Esto es, el señor Romero Rosa no hizo una relación fiel y concisa de los hechos procesales y materiales del caso. Además, se limitó a listar los incisos del Art. 65 del Código Penal de 2012 que, según su apreciación, resultarían aplicables como atenuantes. A estos efectos, el señor Romero Rosa presentó dos señalamientos de error, carentes de fundamento legal y sin elaboración alguna. Asimismo, omitió presentar la decisión del Foro primario cuya revisión se solicita y los otros documentos relacionados con su caso que pudieran ser útil para este Tribunal a los fines de resolver la controversia. En *Febles v. Romar*, el Tribunal Supremo advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003).

A la luz de lo anterior, el recurso presentado no reúne las exigencias reglamentarias necesarias para que podamos entender en el mismo. Reiteramos que la ausencia de alguno de los criterios

establecidos en la Regla 40 de nuestro reglamento constituye, por sí sola, un impedimento para que podamos atender el recurso. A ello se suma que el peticionario no nos colocó en posición de analizar si, en efecto, se cometieron los errores alegados. En tales circunstancias, nos vemos imposibilitados de ejercer nuestra función revisora y, por ende, de cumplir con el deber de emitir una decisión debidamente fundamentada.

Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal, hemos acordado denegar la expedición del auto de *Certiorari*.

IV.

Por los fundamentos antes expuestos, denegamos el recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones