Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| INMOBILIARIA BALEARES, LLC Y OTROS<br><br>Recurridos<br><br>V.<br><br>SHEILA LI BENABE GONZÁLEZ; PEPE Y LOLA, LLC; Y OTROS<br><br>Peticionarios | TA2025CE00749 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2022CV03556<br><br>Sobre: Incumplimiento de Contrato, Nulidad de Contrato, Daños |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de noviembre de 2025.

Comparece Pepe & Lola, LLC y Sheila Li Benabe González (en adelante, parte peticionaria) mediante una *Petición de Certiorari* para solicitarnos la revisión de la *Orden*, emitida el 25 de septiembre de 2025, y notificada el 1 de octubre del mismo año, por el Tribunal de Primera Instancia, Sala Superior de Bayamón.[1] Mediante la *Orden* recurrida, el tribunal de instancia dispuso que ninguno de los documentos solicitados como parte del descubrimiento de prueba en este caso era pertinente al caso de marras.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari*.

I

Esta es la *tercera* ocasión en que este Panel tiene ante su consideración un recurso relacionado al caso del título.[2] Por lo

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm.185.
[2] En la *primera* y *segunda* ocasión, dispusimos mediante *Sentencia*, emitida el 15 de agosto de 2023, sobre los recursos consolidados en los alfanuméricos KLCE202300431 y KLCE202300438. Véase el SUMAC TPI, a la Entrada Núm. 72.

anterior, adoptamos por referencia aquellos hechos procesales plasmados en nuestra *Sentencia*, emitida el 15 de agosto de 2023, en los recursos consolidados KLCE202300431 y KLCE202300438.[3]

En esta ocasión la controversia está enmarcada en lo relativo al descubrimiento de prueba. Dado a lo anterior, nos circunscribiremos a los eventos procesales atinentes a este asunto.

De los autos se desprende que a esta fecha el descubrimiento de prueba ya concluyó.[4] No obstante, según se desprende de la *Orden de calendarización*, emitida el 19 de marzo de 2025, y notificada al día siguiente, al momento en que se suscitó la controversia de autos, el descubrimiento de prueba todavía se encontraba en curso.[5] De hecho, la vista transaccional y la conferencia con antelación a juicio se encuentran programadas para el 29 de enero de 2026.[6]

Ahora bien, el 23 de septiembre de 2025, la parte peticionaria instó una *Solicitud de orden sobre documentación requerida en deposición*.[7] Alegó que, durante la toma de deposición al doctor Edgar A. Reyes Colón (Dr. Reyes Colón), la parte peticionaria le requirió que proveyera una serie de documentos y que, vencido el término provisto para lo anterior, este informó que objetaba la producción de ciertos documentos, aduciendo que la información requerida no era relevante ni pertinente al asunto en controversia, así como que contenía información confidencial no descubrible. En desacuerdo con lo anterior, la parte peticionaria solicitó como remedio al foro de instancia que le ordenara a la parte recurrida del título a producir los documentos que le fueron solicitados.

---

[3] SUMAC TPI, a la Entrada Núm. 72.
[4] *Íd.*, a la Entrada Núm. 108.
[5] *Íd.*
[6] *Íd.*
[7] *Íd.*, a la Entrada Núm. 181.

En reacción, el 24 de septiembre de 2025, la parte aquí recurrida presentó una *Oposición a solicitud de orden para entregar documentación requerida en deposición y solicitud de orden protectora.*[8] Esbozó, en síntesis, que el Dr. Reyes Colón no era parte en este caso y que los intereses patrimoniales que pudiese tener en otras entidades y negocios no podían ser objeto del descubrimiento de prueba en la acción civil de marras. Acotó que la información solicitada no era pertinente, era opresiva, hostigadora y se trataba de información financiera y económica de terceros que no tenía otro fin que no fuese alargar el descubrimiento de prueba. A tenor, solicitó una orden protectora al amparo de la Regla 23.2 (b) de Procedimiento Civil.[9]

De ahí, el 25 de septiembre de 2025, notificada el 1 de octubre de 2025, el foro *a quo* emitió la *Orden* recurrida.[10] Mediante esta *Orden*, el tribunal de instancia dispuso lo siguiente:

> Examinado lo solicitado, el Tribunal determina que ninguno de los documentos solicitados es pertinente en el presente caso.
>
> Aunque el descubrimiento de prueba es uno amplio el mismo puede ser regulado a que no sea uno opresivo[,] aunque sea pertinente.

Insatisfecho con lo resuelto, el 9 de octubre de 2025, la parte peticionaria interpuso una solicitud de *Reconsideración,*[11] la cual fue denegada mediante *Resolución,* emitida y notificada en esa misma fecha.[12]

En desacuerdo, el 10 de noviembre de 2025, la parte peticionaria interpuso una petición de *Certiorari,*[13] en el cual esgrimió los siguientes tres (3) señalamientos de error:

---

[8] SUMAC TPI, a la Entrada Núm. 184.
[9] 32 LPRA Ap. V, R. 23.2.
[10] SUMAC TPI, a la Entrada Núm. 185.
[11] *Íd.,* a la Entrada Núm. 186.
[12] *Íd.*, a la Entrada Núm. 187.
[13] La primera página del recurso de *certiorari* fue enmendada en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 3.

Primer error:

ERRÓ EN LA APLICACIÓN DEL DERECHO PROCESAL Y LA JURISPRUDENCIA EL TPI, ABUSANDO CRASAMENTE DE SU DISCRECIÓN, AL IRRAZONABLEMENTE NEGAR EN SU TOTALIDAD EL DESCUBRIMIENTO DE PRUEBA QUE REQUIRIÓ LA DEMANDADA DURANTE LA DEPOSICIÓN DE LA PARTE DEMANDANTE SOBRE INFORMACIÓN Y DOCUMENTACIÓN CLARAMENTE PERTINENTE Y DIRIGIDA A COMPROBAR LA MENDACIDAD DEL DEPONENTE AL MOMENTO DE TESTIFICAR EL DÍA DEL JUICIO EN SU FONDO.

Segundo error:

ERRÓ EN LA APLICACIÓN DEL DERECHO PROCESAL Y LA JURISPRUDENCIA EL TPI, ABUSANDO CRASAMENTE DE SU DISCRECIÓN, AL IRRAZONABLEMENTE DENEGAR Y LIMITAR EL DESCUBRIMIENTO DE PRUEBA QUE REQUIRIÓ LA DEMANDADA AL PERITO SOBRE EL INFORME RENDIDO A MENOS DE UNA SEMANA Y PARA LOGRAR EFECTIVA TOMA DE DEPOSICIÓN DEL PERITO.

Tercer error:

ERRÓ EN LA APLICACIÓN DEL DERECHO PROCESAL Y LA JURISPRUDENCIA EL TPI, ABUSANDO CRASAMENTE DE SU DISCRECIÓN, AL IRRAZONABLEMENTE DENEGARLE LA TOMA DE DEPOSICIÓN AL PERITO SI LA DEMANDADA NO REALIZABA LA MISMA SIN LA DOCUMENTACIÓN REQUERIDA A TRAVÉS DE DESCUBRIMIENTO DE PRUEBA OPORTUNO.

El 20 de noviembre de 2025, compareció la parte recurrida mediante un *Memorando en oposición a expedición de recurso de certiorari y alegato de la parte recurrida.* Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso instado.

II

### A. La Expedición del Recurso de *Certiorari*

El que recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[14] A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[15] Esta discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión

---

[14] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).
[15] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).

justiciera".[16] Ahora bien, para determinar si procede la expedición de un recurso de *Certiorari* será indispensable que en el caso esté presente alguna de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[17] Estas son:

    A. Si la situación de hechos planteada es la más indicada para el análisis del problema.

    B. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    C. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    D. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    E. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[18]

Por otra parte, el Tribunal Supremo de Puerto Rico ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[19] Igualmente, al evaluar la procedencia del referido auto, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[20] De manera que los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia judicial. Ello, puesto que el foro primario es el que mejor conoce las particularidades del caso.[21]

---

[16] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).

[17] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, a las págs. 59-60, 215 DPR __ (2025).

[18] *In re Aprob. Enmdas. Reglamento TA,* supra, a las págs. 59-60.

[19] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).

[20] *BPPR v. SLG Gómez-López,* 213 DPR 314, 334 (2023).

[21] *Mejías v. Carrasquillo,* 185 DPR 288, 306-307 (2012).

### III

En el presente recurso la parte peticionaria nos convida a concluir que el tribunal *a quo* incidió al denegar y limitar el descubrimiento de prueba solicitado.

Dicho lo anterior, conviene reiterar que, según expusimos previamente, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[22] A esos efectos, la naturaleza discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia. Por otra parte, el auto solicitado tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[23]

Tras haber evaluado detenidamente lo autos ante nuestra consideración, incluyendo la *Orden* objeto de revisión, así como el derecho aplicable, juzgamos que este recurso de *Certiorari* no satisface ninguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para intervenir en el mismo.[24] En el recurso, se nos solicitó intervenir en una resolución interlocutoria en la cual el foro primario actuó dentro del ámbito de su discreción judicial. Por otra parte, no surge del expediente señal alguna de que el foro primario haya incurrido en arbitrariedad, prejuicio, ni en un craso abuso de discreción. Por el contrario, observamos que evaluó los planteamientos conforme a derecho y dentro de los parámetros que le son conferidos por ley.

---

[22] *Pueblo v. Irizarry*, supra, a las págs. 788–789.
[23] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.
[24] *Íd.*

Por otro lado, al evaluar la procedencia del referido auto, tuvimos presente que el tribunal *a quo* tiene amplia discreción para manejar los casos ante su consideración.[25] De manera que, según adelantamos, esta Curia no puede pretender conducir ni manejar el trámite ordinario de los casos que atiende el tribunal de instancia, quien es el que mejor conoce las particularidades del caso.[26] Es por todo lo antes expuesto, que hemos acordado abstenernos de intervenir.

Ahora bien, advertimos, que lo aquí resuelto no tiene efecto de juzgar o considerar en los méritos ninguna de las controversias de derecho planteadas por las partes. Es decir, la denegatoria de esta Curia a expedir un recurso de *Certiorari* no implica que el dictamen revisado esté libre de errores o que constituya una adjudicación en los méritos.[27] Esto es así, ya que, como es sabido, una resolución de denegatoria de un auto de *Certiorari* no implica posición alguna de este Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso.[28]

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Lebrón Nieves está de acuerdo en denegar el recurso, pero por un fundamento distinto, toda vez que, entiende que el dictamen no es revisable por no cumplir con los criterios establecidos por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[25] *BPPR v. SLG Gómez-López,* supra, a la pág. 334.
[26] *Mejías v. Carrasquillo,* supra, a las págs. 306-307.
[27] *Cacho Pérez v. Hatton Gotay,* 195 DPR 1, 12 (2016).
[28] *SLG v. Pauneto Rivera,* 130 DPR 749, 755 (1992).