Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| PEDRO SEBASTIÁN PÉREZ DE JESÚS<br><br>Recurrido<br><br>v.<br><br>EUROJAPON, **MANUEL LUGO RAMOS**<br><br>Peticionario | TA2025CE00787 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV02215<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de diciembre de 2025.

Comparece Manuel Lugo Ramos (en adelante, peticionario) mediante un recurso de *Certiorari* para solicitarnos la revisión de la *Orden* emitida y notificada el 6 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón.[1] Mediante la Orden recurrida, el tribunal de instancia declaró *No Ha Lugar* una solicitud de prórroga para contestar un requerimiento de admisiones.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari*.

I

El caso del título inició cuando el 2 de mayo 2025, el señor Pedro Sebastián Pérez de Jesús (en adelante recurrido), presentó una *Demanda*[2] sobre daños y perjuicios contra EUROJAPON DISTRIBUTORS, INC. (EUROJAPON) y el señor Manuel Lugo Ramos (en adelante, peticionario). En síntesis, alegó que el EUROJAPON y

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 33.
[2] *Íd.,* a la Entrada Núm. 1.

el recurrido le vendieron un vehículo de motor con una tablilla que no le correspondía, y que la misma pertenecía a un vehículo identificado como hurtado. Por lo cual, el recurrido incurrió en múltiples gastos legales para recuperar el vehículo incautado por agentes del orden público. A tenor, solicitó resarcimiento en daños por la cantidad de ciento dos mil quinientos dólares ($102,500.00).

El 25 de agosto de 2025, el peticionario presentó *Contestación a Demanda*.[3] En síntesis, negó gran parte de las alegaciones según presentadas. Alegó que los daños sufridos por el recurrido no fueron causados por el demandante. A tenor, solicitó al foro primario que declarase sin lugar la Demanda.

El 26 de agosto de 2025, notificada el 27 de agosto de 2025, el foro primario emitió una *Orden para Videoconferencia,* en la cual señaló la vista sobre conferencia inicial.[4]

Luego, el 17 de septiembre de 2025, EUROJAPON interpuso su *Contestación a la Demanda,*[5] la cual fue aceptada por el foro de instancia tras levantar la rebeldía mediante *Orden* del 29 de septiembre de 2025, notificada el 1 de octubre de 2025.[6]

En lo atinente a la controversia ante nuestra consideración, como parte del descubrimiento de prueba iniciado, el 12 de septiembre de 2025, el recurrido interpuso una *Moción al Expediente Judicial,*[7] en la cual cursó al peticionario un requerimiento de admisiones.

Veinticuatro (24) días más tarde, el 6 de octubre de 2025, la parte apelante presentó una *Solicitud de breve prórroga para contestar requerimiento de admisiones.*[8] En su pliego, solicitó al foro

---

[3] SUMAC TPI, a la Entrada Núm. 20.
[4] *Íd.,* a la Entrada Núm. 21.
[5] *Íd.,* a la Entrada Núm. 25.
[6] *Íd.,* a la Entrada Núm. 29.
[7] *Íd.,* a la Entrada Núm. 23.
[8] *Íd.,* a la Entrada Núm. 32.

de instancia hasta la fecha del 8 de octubre de 2025, para remitir las referidas contestaciones a los requerimientos de admisión.

En la misma fecha del 6 de octubre de 2025, el foro primario emitió y notificó una *Orden*[9] en la cual declaró *No Ha Lugar* la solicitud de prórroga presentada por el peticionario. En la misma, le expresó que el término para contestar el requerimiento de admisiones había vencido desde el 2 de octubre de 2025. Dado a lo anterior, dispuso que los requerimientos de admisión quedaron admitidos automáticamente.

Insatisfecho con lo resuelto, el 21 de octubre de 2025, el peticionario incoó una *Solicitud de reconsideración.*[10] Su representante legal adujo que el peticionario no estaba en Puerto Rico y que regresaba el 2 de noviembre de 2025, por lo que peticionó, que de acogerse la solicitud de reconsideración se le permitiera remitir las contestaciones al requerimiento de admisiones en la fecha del 3 de noviembre de 2025.

En la misma fecha, el foro primario emitió y notificó una *Resolución Interlocutoria*[11] en la cual declaró *No Ha Lugar* la solicitud de reconsideración presentada por el peticionario.

En desacuerdo, el 20 de noviembre de 2025, compareció el peticionario mediante un recurso de *Certiorari* en el cual, en su único señalamiento de error esbozó lo siguiente:

> ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DAR POR ADMITIDO EL REQUERIMIENTO DE ADMISIONES CURSADO POR LA PARTE RECURRIDA.

Mediante *Resolución* emitida el 21 de noviembre de 2025, concedimos a la parte recurrida hasta el 1 de diciembre de 2025, para expresarse en torno al recurso. El 1 de diciembre de 2025, compareció la parte recurrida mediante *Oposición a Expedición de auto de certiorari en cumplimiento con la Resolución [2] notificada el*

---

[9] SUMAC TPI, a la Entrada Núm. 33.
[10] *Íd.,* a la Entrada Núm. 35.
[11] *Íd.,* a la Entrada Núm. 36.

*24 de noviembre de 2025.* Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso instado.

II

## A. La Expedición del Recurso de *Certiorari*

El que recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[12] A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[13] Esta discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[14] Ahora bien, para determinar si procede la expedición de un recurso de *Certiorari* será indispensable que en el caso esté presente alguna de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[15] Estas son:

> A. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> B. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> C. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> D. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> E. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[16]

Por otra parte, el Tribunal Supremo de Puerto Rico ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias

---

[12] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

[13] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).

[14] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).

[15] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a las págs. 59-60, 215 DPR __ (2025).

[16] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.

extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[17] Igualmente, al evaluar la procedencia del referido auto, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[18] De manera que los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia judicial. Ello, puesto que el foro primario es el que mejor conoce las particularidades del caso.[19]

### III

Mediante el recurso de *Certiorari* ante nos, el peticionario nos invita a que en nuestro ejercicio discrecional revisemos una *Orden* mediante la cual el tribunal *a quo* denegó una solicitud de prórroga para contestar un requerimiento de admisiones y dando el mismo por admitido, tras haber vencido el término para haberlo contestado. Lo anterior, tras esgrimir que el foro de instancia falló al dar por admitido el requerimiento de admisiones.

Resulta imperativo indicar que, según expusimos previamente, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[20] A esos efectos, la naturaleza discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia. Por otra parte, el auto solicitado tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[21]

---

[17] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[18] *BPPR v. SLG Gómez-López*, 213 DPR 314, 334 (2023).
[19] *Mejías v. Carrasquillo*, 185 DPR 288, 306-307 (2012).
[20] *Pueblo v. Irizarry*, supra, a las págs. 788–789.
[21] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.

Tras haber evaluado con detenimiento lo autos ante nuestra consideración, incluyendo la *Orden* objeto de revisión, así como el derecho aplicable, juzgamos que este recurso de *Certiorari* no satisface ninguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para intervenir en el mismo.[22] En el recurso, se nos solicitó intervenir en una *Orden* mediante la cual el foro de instancia actuó dentro de los linderos de su discreción judicial. Por otra parte, no surge del expediente señal alguna de que el foro primario haya incurrido en arbitrariedad, prejuicio, ni en un craso abuso de discreción. Por el contrario, observamos que evaluó los planteamientos conforme a derecho y dentro de los parámetros que le son conferidos por ley.

Por otro lado, al evaluar la procedencia del referido auto, tuvimos presente que el tribunal *a quo* tiene amplia discreción para manejar los casos ante su consideración.[23] De manera que, según adelantamos, esta Curia no puede pretender conducir ni manejar el trámite ordinario de los casos que atiende el tribunal de instancia, quien es el que mejor conoce las particularidades del caso.[24] Es por todo lo antes expuesto, que hemos acordado abstenernos de intervenir.

Ahora bien, advertimos, que lo aquí resuelto no tiene efecto de juzgar o considerar en los méritos ninguna de las controversias de derecho planteadas por las partes. Es decir, la denegatoria de esta Curia a expedir un recurso de *Certiorari* no implica que el dictamen revisado esté libre de errores o que constituya una adjudicación en los méritos.[25] Esto es así, ya que, como es sabido, una resolución de denegatoria de un auto de *Certiorari* no implica posición alguna de

---

[22] *In re Aprob. Enmdas. Reglamento TA,* supra, a las págs. 59-60.
[23] *BPPR v. SLG Gómez-López,* supra, a la pág. 334.
[24] *Mejías v. Carrasquillo,* supra, a las págs. 306-307.
[25] *Cacho Pérez v. Hatton Gotay,* 195 DPR 1, 12 (2016).

este Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso.[26]

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones

---

[26] *SLG v. Pauneto Rivera*, 130 DPR 749, 755 (1992).