Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CONSEJO DE TITULARES CONDOMINIO STELLA MARIS Y JUNTA DE DIRECTORES<br><br>Recurrida<br><br>V.<br><br>CORPORACION COLÓN PRIETO Y COMPAÑÍA A, ING. CARLOS L. GONZÁLEZ NIEVES, ASEGURADORA ABC<br><br>Peticionaria | TA2025CE00837 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2025CE00899<br><br>Sobre:<br>Injuction preliminar y permanente; Injuction Estatutario; Ley de Condominios; Ley de Reforma de Permisos |

Panel integrado por su presidente, el Juez Ronda del Toro, la Juez Lotti Rodríguez y la Juez Trigo Ferraiuoli.

Lotti Rodríguez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

Comparece Corporación Colón Prieto (en adelante Corporación o peticionaria) mediante un recurso de *Certiorari* y nos solicita que revisemos la *Resolución* emitida el 28 de octubre de 2025 por el Tribunal de Primera Instancia Sala Superior de San Juan (en adelante TPI o foro primario) en la que se declaró No ha lugar una *Moción solicitando recusación del Honorable Juez Anthony Cuevas Ramos* presentada por el peticionario.

Por las razones que expondremos a continuación, se deniega la expedición del auto de *Certiorari*.

## I.

El 2 de febrero de 2025 la Junta de Directores del Consejo de Titulares del Condominio Stella Marris (en adelante el Consejo o

parte recurrida) presentó una *Demanda[1]* sobre *Injuction.* En su escrito, manifestó que con la presentación del recurso buscaba proteger y hacer valer su derecho de propiedad sobre los elementos comunes del condominio Stella Maris; que la parte peticionaria devolviera la fachada del condominio Stella Maris a su estado original y detener cualquier obra de construcción ilegal y sin permiso correspondiente –o en incumplimiento con el mismo– en el apartamento 10-A, del cual este es dueño, según consta en la Escritura Pública número 7 del 3 de agosto de 2020 ante el Notario Víctor Pizarro Figueroa.

Alegó que, en algún momento de 2022, la parte peticionaria inició obras de demolición, construcción y remodelación en el apartamento 10-A, bajo el permiso 2022-469715-PCOC-031398 obtenido de la Oficina de Gerencia de Permisos (en adelante OGPe). Asimismo, expuso en su escrito que dicho permiso fue expedido al número de catastro de la parcela y finca matriz del Condominio Stella Maris y no bajo el catastro correspondiente al apartamento 10-A.

El 11 de abril de 2025 la parte recurrente presentó la *Contestación a la Demanda y Reconvención[2]* y, luego de varios trámites procesales, el 18 de agosto de 2025 se celebró una vista ocular.[3]

Posteriormente, el 20 de agosto de 2025 la parte recurrida presentó una *Primera Demanda Enmendada[4]* para incluir como parte del pleito al Ing. Antonio G. Echevarría Velázquez, la cual fue autorizada por el TPI el 21 de agosto de 2025.[5]

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.
[2] Entrada #25 del SUMAC del TPI.
[3] Entrada #74 del SUMAC del TPI.
[4] Entrada #76 del SUMAC del TPI.
[5] Entrada #77 del SUMAC del TPI.

El 20 de octubre de 2025, la Corporación presentó una *Moción solicitando recusación del Honorable Juez Anthony Cuevas Ramos a base de la Regla 63.1 incisos (A) y (J) de Procedimiento Civil.*[6]  En respuesta, el 22 de octubre de 2025 la parte interventora, Harlan B. Harvey, presentó una *Moción en Oposición a Solicitud de Recusación*[7] y, el 26 de octubre de 2025, la parte recurrida presentó una *Oposición a Moción Solicitando Recusación del Honorable Juez Anthony Cuevas Ramos a Base de la Regla 6.31 Incisos (A) y (J) de Procedimiento Civil.*[8]

Evaluado los escritos, el 28 de octubre de 2025, la jueza Larissa N. Ortiz Modesti emitió *Resolución*[9] atendiendo la solicitud de la parte peticionaria.  Del referido dictamen surge que de la propia moción de recusación se desprende que las presuntas imputaciones de parcialidad se basan en cuestiones de derecho y que de las expresiones y determinaciones judiciales no surge indicio alguno de que el juez Cuevas Ramos actuara con parcialidad a favor de la parte recurrida o en contra de la parte peticionaria, ni de que se hubiese prejuzgado en el caso.

Menciona la juez Ortiz Modesti en su determinación, que, en el caso de autos, la parte peticionaria falló en demostrar, si quiera en sugerir, cuáles son esas presuntas inclinaciones personales del juez Cuevas Ramos en su contra y que el mero hecho de no resultar favorecido en sus planteamientos interlocutorios es insuficiente para concluir que hay motivación extrajudicial alguna de parte del magistrado para perjudicarle.  Finalmente, el TPI expresó que no procedía la recusación del Juez Cuevas Ramos y declaró No ha lugar la solicitud presentada por la Corporación.

---

[6] Entrada #121 del SUMAC del TPI.
[7] Entrada #126 del SUMAC del TPI.
[8] Entrada #128 del SUMAC del TPI.
[9] Entrada #129 del SUMAC del TPI.

Inconforme con ello, el 1 de diciembre de 2025 la parte peticionaria comparece ante nos y plantea como único error:

> Primer error: Erró el Honorable Tribunal de Primera Instancia al determinar que no procedía la inhibición del Hon. Anthony Cuevas Ramos, a[ú]n cuando a la luz del criterio revisor aplicable, surgen indicios de duda y sombras sobre la gestión imparcial del magistrado en este caso, al actuar como juez y parte durante la vista ocular y al privar al demandado de su derecho a revisar las determinaciones de derecho que le fueron presentadas y despacharlas con un simple No Ha Lugar.

El 10 de diciembre de 2025 la parte recurrida presentó un *Memorando en oposición a la expedición del auto de Certiorari*.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372

(citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016)).

Por otra parte, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el foro primario, solamente será expedido por este Tribunal cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil o de la denegatoria de una moción de carácter dispositivo. Ahora bien, por excepción este foro apelativo podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) casos que revistan interés público; (6) o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1. En los casos antes mencionados, el foro apelativo no tiene que fundamentar su decisión al denegar la expedición de un recurso de *certiorari. Id.*

Asimismo, con el fin de que podamos ejercer de manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), R. 40, nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. En lo pertinente, la Regla 40 dispone lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante por sí solo y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560).

Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo que "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986)). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). De manera que, la parte afectada por la decisión que finalmente tome el Tribunal de Primera Instancia no queda privada de la oportunidad de hacer ante el foro apelativo los planteamientos que entienda procedentes una vez se resuelva el pleito en el foro

primario. *Núñez Borges v. Pauneto Rivera,* 130 DPR 749, 755-756 (1992).

### III.

Luego de examinado el recurso ante nuestra consideración, no hemos encontrado fundamento legal alguno que amerite la expedición del auto de *certiorari,* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra* y la Regla 52.1 de Procedimiento Civil, *supra.* No surge de los autos que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción, por tanto, este Tribunal no debe intervenir con el ejercicio de la discreción del foro primario.

### IV.

Por los fundamentos expresados, se deniega la expedición del recurso de *Certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones